IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

METROPOLITAN LIFE INSURANCE
COMPANY

Plaintiff

vs

IRVIS V. VAZQUEZ, HAYDEE TORRES-
DE-FRANCO, MARTA FRANCO
GOODNER, CELINE FRANCO, JOSE M.
FRANCO-TORRES

Defendants

CIVIL 97-1577CC

**ORDER**

This is an interpleader action under the Employee Retirement Income Security Act, section 502(a)(3)(B)(ii), filed by plaintiff Metropolitan Life Insurance Company (Metropolitan) against various persons designated, on different occasions, as beneficiaries of a group life insurance policy issued on behalf of Mr. José M. Franco by his employer, Redondo Construction Corporation. Metropolitan seeks elucidation by the Court of the adverse claims to the policy benefits presented by defendants, and a declaration of who is the beneficiary legally entitled to them. Now before the Court is a Cross-Motion for Summary Judgment as to Counterclaim filed by Metropolitan (**docket entry 31**), the opposition filed by defendants Haydée Torres de Franco, Marta Franco Goodner, Celine Franco and José M. Franco Torres (the Franco defendants), and the Motion Requesting Discharge of Plaintiff as Party filed by Metropolitan (**docket entry 51**), which remains unopposed.

In its cross-motion for summary judgment, plaintiff seeks dismissal of the counterclaim filed by the Franco defendants against it (**docket entry 5**). In said counterclaim, the only relief requested against Metropolitan by the Franco defendants is the issuance of an Order

CIVIL 97-1577CCC                                    2

enjoining it from changing the beneficiaries originally designated by Mr. Franco, the holder of the life insurance policy at issue in the case, namely the Franco defendants themselves. See docket entry 5, ¶2.4  Defendant does not seek damages against Metropolitan.

Metropolitan, in turn, seeks to be discharged as a party to the action, claiming to be a "mere stakeholder, with no interest in the controversy between the defendants" and that it "cannot safely determine the proper beneficiary of the benefits due."  Motion Requesting Discharge, docket entry 51, ¶¶5 & 14.

Having considered both motions, we agree with Metropolitan's position. There is simply no need to maintain Metropolitan in this litigation inasmuch as, having deposited with the Court the amount payable under the policy at issue, it is no longer needed to resolve the dispute before us. In addition, the remedy requested against it in the Franco defendants' counterclaim is no longer necessary as the Court will determine which party is legally entitled to the policy benefits. Accordingly, both the Cross-Motion for Summary Judgment as to Counterclaim filed by Metropolitan (**docket entry 31**) and the Motion Requesting Discharge of Plaintiff as Party filed by Metropolitan (**docket entry 51**) are GRANTED.

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2000.

CARMEN CONSUELO CEREZO
United States District Judge